## THE STATE v. DIEFFENBACH.

1. **Criminal Law:** NUISANCE: KEEPING DISORDERLY HOUSE. The keeping for sale of native wine of his own manufacture by the defendant, who lived on a farm, and the fact that persons buying the same at his house drank it and became intoxicated while in the highways leading therefrom, and by noisy and riotous conduct disturbed the neighbors, living from one-half to one and a half miles from defendant's house, were *held* not to authorize the conviction of defendant for keeping a nuisance, under section 4091 of the Code.

*Appeal from Davis District Court.*

WEDNESDAY, MARCH 20.

THE defendant was indicted for the crime of nuisance committed by keeping, using and controlling a house at which he unlawfully suffered and permitted divers persons to resort for purpose of drunkenness, quarreling, fighting, riotous and dis-

orderly conduct to the disturbance of others. The defendant was convicted and fined $100 and costs. He appeals.

*Trimble, Carruthers & Trimble*, for appellant.

No argument for the State.

DAY, J.—Section 4091 of the Code provides: "Houses of ill fame kept for the purpose of prostitution and lewdness, gambling houses, or houses where drunkenness, quarreling, fighting or breaches of the peace are carried on or permitted, to the disturbance of others, are nuisances, and may be abated and punished as provided in this chapter." The next section provides that whoever is convicted of erecting, causing or continuing such a nuisance may be punished by a fine not exceeding one thousand dollars, and the court may order such nuisance to be abated. Under these sections the defendant was indicted.

1. CRIMINAL law: nuisance: keeping disorderly house.

The abstract shows that evidence was introduced tending to prove that defendant lived on a farm in Davis county, and had neighbors living around him from a half mile to a mile and a half distant, and that there was a highway running past his residence which passed or intersected a road that passed some of these neighbors; that defendant kept in his cellar, under his residence, wine which he made from grapes grown by him in this State, which he sold out in jugs to parties who came there for it; that he did not allow it to be drank or used about his premises, and he so informed parties who bought it; that his rule was to require them to take it away, and sold it to them to be taken home or to some other neighborhood; that parties, on several occasions, numbering from two to four or five, came to his house and bought wine and left his premises with it in a jug, and on the highway, while going from his house, a distance of from a half mile to a mile and a half, passed the jug around among the crowd as if drinking, and then went away hallooing and cursing; that on two or three occasions certain persons, who were hired hands of one John Grady, while hauling corn from a farm northeast of defendant's residence, in going for corn got a jug of wine of defendant,

went upon said farm and loaded the corn, and while doing so got under the influence of said wine and started home on some of the roads before mentioned, passing near defendant's neighbors' residences at a distance from a half mile to a mile and a half, and while passing cursed and hallooed, disturbing thereby some of the neighbors of defendant; that none of these persons drank any of this wine at defendant's house or on his premises, and defendant did not know or expect that they would get intoxicated on or near his premises or in his neighborhood; that defendant kept a quiet, decent, orderly house, and that no drunkenness, fighting, quarreling or breaches of the peace were ever carried on about his house or on his premises. There also was evidence tending to prove that loud noises, whooping and yelling were heard in the night in the direction of defendant's dwelling house, and that parties were seen near his house, going in the direction of said house apparently sober and returning apparently drunk. Upon the whole case there was a conflict of evidence.

The court, amongst other instructions, gave the jury the following: "10. You are directed that, if you find from the evidence that the home of defendant at which the wine was sold, if sold at all, was in the country, and was surrounded by or in the immediate neighborhood of farms occupied by families residing on or near roads leading by, to, or from the said house of defendant, or upon roads intersected by a road or roads leading by, to, or from defendant's said house, and within a distance of, say from one-half mile to one and one-half miles of said house of defendant; and you further find that the keeping of wine for sale at his, defendant's, said house attracted persons there whom the State claims were drunk and quarreling, were attracted to said house on account of or because wine was sold there; and also that, being there, they became drunk on wine bought there; that they became drunk, either in or at the house, or in the roads of the neighborhood as aforesaid, within the distance aforesaid, and, being so drunk, by the drunkenness, quarreling, fighting, or breaches of the peace disturbed some person or persons so being lawfully in the neighborhood, within the distances aforesaid, then the

defendant is guilty as charged." Under this instruction the defendant is guilty of keeping a nuisance if parties, attracted to his house because he had wine there, bought wine of him, got drunk thereon in the highway one and one-half miles from defendant's house, and, because of such drunkenness, disturbed some person in the neighborhood within that distance. The statute provides that whoever is convicted of keeping a house where drunkenness, quarreling, fighting, and breaches of the peace are carried on or permitted to the disturbance of others, shall be punished. "Where" means at which place. In order that the prescribed acts may come within the provisions of this section they must be carried on or permitted at the house kept by defendant. It cannot be successfully maintained that an act done one and one-half miles from a house is done at such house. It is true the parties in question may have been attracted to defendant's house because he had wine there for sale, and the wine may have been sold at the house. But the coming of these parties there to buy, and the sale to them do not constitute a nuisance. The nuisance arises from the drunkenness, quarreling, fighting, or breaches of the peace to the disturbance of others. If these things were not carried on or permitted at defendant's house he is not, because of them, guilty of a nuisance. The parties who engage in this unseemly conduct alone are liable. It is not competent for the courts, by construction, to extend a criminal statute beyond its plain provisions. If it is desirable that parties should be criminally responsible under the circumstances enumerated in the instruction of the court, that liability should be declared by legislative enactment.

II. The defendant asked the court to instruct the jury as follows: "The fact that Grady or others may have bought wine at defendant's house and taken it away a mile or so distant, to points where they had work, and got drunk and cursed and hallooed, would not make defendant liable for the crime charged in the indictment in this case." Under the views which we have announced above this instruction, and others of like import asked by defendant, should have been given.

REVERSED.